UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


NELWYN MCINNIS AND
CECIL MCINNIS                                          PLAINTIFFS


VS.                                    CIVIL ACTION NO. 4:04CV224LN


BARNHILL'S BUFFET, INC.
D/B/A BARNHILL'S COUNTRY
BUFFET AND JOHN DOES 1-10                              DEFENDANTS


MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendant
Barnhill's Buffet, Inc. d/b/a Barnhill's Country Buffet to dismiss
plaintiff Nelwyn McInnis for lack of capacity to sue pursuant to
Rule 17(b) of the Federal Rules of Civil Procedure.  Plaintiff
Cecil McInnis, purporting to act as next friend of his wife,
Nelwyn McInnis, has responded in opposition to the motion, and the
court, having considered the memoranda of authorities submitted by
the parties, concludes that the motion should be denied.

    This cause of action was brought by plaintiffs seeking to
recover damages for injuries resulting from Nelwyn McInnis's
alleged trip-and-fall at the Barnhill's Buffet restaurant in
Meridian, Mississippi.  According to Barnhill's, it has become
apparent that Nelwyn McInnis is incompetent, and as a result, she
lacks the capacity to maintain a civil action.  It contends that
since no representative has been appointed to act for her, and in

fact, no court action has been commenced to appoint a
representative for her, it follows that her claims must therefore
be dismissed.  In response to defendant's motion, Cecil McInnis,
purporting to act as his wife's next friend, agrees that she is
incompetent, in that she lacks the ability to understand and
answer questions so as to give testimony in the case.  He
contends, however, that she may maintain this action through him,
as her "next friend," as provided by Federal Rule of Civil
Procedure Rule 17(c).  That rule states as follows:

> (c) Infants or Incompetent Persons.  Whenever an infant
> or incompetent person has a representative, such as a
> general guardian, committee, conservator, or other like
> fiduciary, the representative may sue or defend on
> behalf of the infant or incompetent person.  An infant
> or incompetent person who does not have a duly appointed
> representative may sue by a next friend or by a guardian
> ad litem.  The court shall appoint a guardian ad litem
> for an infant or incompetent person not otherwise
> represented in an action or shall make such other order
> as it deems proper for the protection of the infant or
> incompetent person.

(Emphasis added).  Although the rule does not specify who may act
as a party's next friend, it is apparent to the court that Cecil
McInnis may proceed on his wife's behalf in that capacity.[1]  See
Adelman on Behalf of Adelman v. Graves, 747 F.2d 986, 988 (5th Cir.
1984) ("It is within the district court's discretion to determine

---

[1]      The Fifth Circuit has explained that "[t]echnically, an
incompetent plaintiff sues by a 'next friend,' while an
incompetent defendant defends by a 'guardian ad litem,' but the
duties and powers of the representative are identical regardless
of which title is applied."  Adelman on Behalf of Adelman v.
Graves, 747 F.2d 986, 988 (5th Cir. 1984).

2

[an incompetent plaintiff's] need for representation, and who may best fill that need.").

Accordingly, it is ordered that Cecil McInnis may proceed in this cause as his wife's next friend, and that the motion to dismiss Nelwyn McInnis's claims is therefore denied.

SO ORDERED this 14th day of February, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE