IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NELWYN MCINNIS AND**
**CECIL MCINNIS**                                                                       **PLAINTIFFS**

V.                                               CIVIL ACTION NO. 4:04CV224-TJL-JMR

**BARNHILL'S BUFFET, INC.**
**D/B/A BARNHILL'S COUNTRY BUFFET**
**AND JOHN DOES 1-10**                                                                  **DEFENDANTS**

## ORDER APPROVING SETTLEMENT

This cause came before the Court on the *ore tenus* motion of the Plaintiffs, Nelwyn McInnis, through her Court-appointed Representative and Next Friend, Cecil McInnis, and Cecil McInnis, Individually (collectively "Plaintiffs"), and Defendant, Barnhill's Buffet, Inc. d/b/a Barnhill's Country Buffet, for authority to settle the claim of Nelwyn McInnis, an incompetent ("Mrs. McInnis"). The Court, having considered the motion, having investigated the matter, and having satisfied itself by evidence or otherwise that the proposed settlement is in the best interest of Mrs. McInnis, and is fair and reasonable and should be approved, and being otherwise fully advised in the premises, finds that it has jurisdiction of the parties and the subject matter in the cause and further finds as follows:

1.   On or about November 17, 2004, Plaintiffs, Nelwyn McInnis and Cecil McInnis, instituted the instant civil action in the United States District Court for the Southern District of Mississippi, Eastern Division. Plaintiffs assert various claims in the civil action, including, but not limited to, negligence, violations of the Americans with Disabilities Act, and loss of consortium, the basis of which is the alleged slip and fall of Mrs. McInnis, at the Meridian,

Mississippi location of Releasees on or about March 8, 2004 ("the incident"). Plaintiffs seek compensatory damages, and other relief in the action.

2. Prior to the incident and to the commencement of this action, Mrs. McInnis executed a durable power of attorney, naming her husband, Cecil McInnis ("Mr. McInnis"), as her attorney in fact. During the pendency of this action, Mrs. McInnis mental faculties have declined. On December 29, 2005, the Defendant filed a Motion to Dismiss based on Mrs. McInnis' lack of capacity, and her inability to respond to discovery or provide deposition testimony. The Court denied that Motion and ruled that Mr. McInnis could continue the action as her "representative and next friend."

3. The parties have entered into negotiations to settle any and all claims that the Plaintiffs, including Mrs. McInnis, now have, or may have, against Barnhill's arising out of or related to the incident, and the parties have reached an agreement regarding the same.

4. The terms of the settlement are subject to a confidentiality provision. Accordingly, the Court has reviewed the proposed Confidential Settlement Agreement and Release *in camera*.

5. The proposed settlement is a fair and reasonable settlement of any claims or potential claims of Plaintiffs and Mrs. McInnis relating to the incident.

6. It is in the best interest of Mrs. McInnis for the settlement to be approved and for Mr. McInnis to be authorized to execute and deliver a full and final release, forever releasing and discharging Barnhill's and all those in privy therewith from any and all claims, demands, actions or causes of actions which Mrs. McInnis may now or hereafter have on account of the incident.

**IT IS ORDERED, ADJUDGED AND DECREED** that the Plaintiff, Cecil McInnis, shall be and is hereby authorized and empowered to settle the claim of Plaintiff, Nelwyn McInnis.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, Cecil McInnis, shall be and is hereby authorized and empowered to execute and deliver a Full and Final Release discharging Barnhill's Buffet, Inc. d/b/a Barnhill's County Buffet, and any and all other persons, insurers, firms, and corporations in privy of interest therewith from any and all claims, demands, actions, suits, damages, or causes of action which Plaintiff, Nelwyn McInnis, an Incompetent, and Plaintiff, Cecil McInnis, may now or hereafter have on account of Mrs. McInnis arising from or related to the incident.  Plaintiff, Cecil McInnis, is likewise authorized to execute all documents necessary in connection with said settlement.

**IT IS FURTHER ORDERED AND ADJUDGED** that the settlement funds shall be delivered to Cecil McInnis, individually, and as the Court-appointed Representative and Next Friend, for the benefit of himself and of Plaintiff, Nelwyn McInnis.

**SO ORDERED AND ADJUDGED**, this the 8 day of May, 2006.

_____
JUDGE TOM S. LEE
UNITED STATES DISTRICT COURT JUDGE

JM JSG 332709 v1
2139527-000003 03/16/2006

AGREED:

*[signature]*

George L. Follett, Esq.
FOLLETT & FOLLETT
Post Office Box 406
Meridian, Mississippi 39302

*ATTORNEY FOR PLAINTIFFS,*
*NELWYN McINNIS AND CECIL McINNIS*

*[signature]*

J. Randall Patterson (MSB# 9012)
Jennifer G. Hall (MSB#100809)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
P. O. Box 14167
Jackson, MS 39236
Telephone: 601-351-2454
Facsimile: 601-592-2454

*ATTORNEYS FOR DEFENDANT, BARNHILL'S BUFFET, INC.*
*D/B/A BARNHILL'S COUNTRY BUFFET*